### HARRIS v. BURNS et al.

#### (Supreme Court, Appellate Term. February 8, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES ON STREETS—NEGLIGENCE.
   Evidence that plaintiff's automobile was standing in front of his office, and defendant's wagon backed in near it to unload merchandise, and in turning struck the automobile, made it a jury question whether defendant was negligent.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES ON STREET—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Evidence that plaintiff's automobile was standing in front of his office, and defendant's wagon backed in near it to unload merchandise, and in turning struck the automobile, made it a jury question whether plaintiff was guilty of contributory negligence in leaving his automobile in the street.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Leopold Harris against Edwin M. Burns and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Charles S. Rosenthal, for appellant.

S. E. Oppenheim, for respondents.

GERARD, J. This action is to recover damages for injuries to the plaintiff's automobile by reason of the alleged negligence of the defendants' driver.

[**1, 2**] Plaintiff testified that his automobile was standing in front of his office at No. 66 Pitt street, and that defendants' wagon backed in near plaintiff's automobile and unloaded some merchandise, and while in the act of driving away from the premises turned in such a way into plaintiff's automobile as to cause it damage. The learned court below dismissed the complaint and remarked of plaintiff:

"Why didn't he take the automobile and put it on the other side of the street. I do not think you have got a case. I will have to dismiss the complaint, on the ground that you did not prove a prima facie case. I do not think the defendant was negligent, and I think the plaintiff was guilty of contributory negligence, so far as it appears from this record."

Plaintiff had a right to have his automobile wait in front of his office, and the question of negligence and contributory negligence under these circumstances were questions for the jury.

Judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY, J., concurs.

HOTCHKISS, J. I concur. I think the rule of the admiralty courts concerning collisions between vessels at anchor and vessels under way fairly expresses the rule which should prevail in actions at law under circumstances similar to those appearing in this case. See Wells v. Armstrong (D. C.) 29 Fed. 216.